Gregory J. Hout, Esq., SBN: 135746
Law Offices of GREGORY J. HOUT
12396 World Trade Drive, Suite 206
San Diego, CA 92128
ghout@houtlaw.com
(858) 946-6658 fax (858) 946-6659

Attorney for Plaintiff United States of America
for the use and benefit of Kelley's Underground
Construction, Inc.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of KELLEY'S UNDERGROUND CONSTRUCTION, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIRACLE ONE BUILDERS, INC., a California corporation; ENDURANCE ASSURANCE CORPORATION, a corporation<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>(1) Recovery on Miller Act Bond; and<br>(2) Breach of Contract<br><br>**JURY TRIAL DEMANDED** |

## GENERAL ALLEGATIONS

1. This action is brought pursuant to, and jurisdiction is conferred by, Title 40, United States Code, sections 3131-3133.

COMPLAINT

1

2.  Venue in this Court is proper as the contracts for which the Miller Act payment bonds were issued were entered within this judicial district of the United States.

3.  Use-plaintiff Kelley's Underground Construction, Inc. ("Kelley's") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of California, licensed by the State of California to perform the work described below.

4.  Kelley's is informed and believes that Defendant Miracle One Builders, Inc. ("Miracle One") is, and at all relevant times was, a California corporation authorized to do business and doing business in the State of California as a general contractor.

5.  Kelley's is informed and believes defendant Endurance Assurance Corporation ("Endurance") is, and at all relevant times was, a corporation doing business in the State of California, County of San Diego, and is qualified to do business as a surety on bonds in California.

6.  Kelley's is informed and believes that each of the defendants named herein are and were the agents, servants, employees and alter egos of each of the other named defendants and are in some manner responsible for the events and occurrences described herein.

COMPLAINT

7. Kelley's is informed and believes that Miracle One, as the general contractor, entered into a written contract with the United States of America for the federal project known as Repair Water and Sewer Billeting Edwards Air Force Base, California, project No. W912PL-20-D0071-W912PL20F0122, by and through the US Army Corps of Engineers.

8. Kelley's is informed and believes that under United States Code, Title 40, sections 3131-3134, defendant Miracle One, as principal, and Endurance, as surety, executed and delivered a payment bond, Bond No. EACX4007075 ("Payment Bond"), to the Government, whereby Miracle One and Endurance bound themselves jointly and severally for the purpose of ensuring payment to all subcontractors, laborers and materialmen, including Kelley's, allowing a joint action or actions against any or all of them, and bound themselves in a sum which exceeds the sums sought herein. Kelley's is within the class of persons to which the benefit of the Payment Bond inures.

9. On or about November 4, 2020, Miracle One entered into a written subcontract with Kelley's ("Subcontract") to perform certain work on the Project, consisting of the supply and installation of various materials. A true and correct copy of the Subcontract is attached as Exhibit "1" and is incorporated by reference. The Subcontract was modified on several occasions by written or oral change

Case 1:22-cv-01338-EPG    Document 1    Filed 10/19/22    Page 4 of 9

orders and by Miracle One's agreements to pay additional sums of money to Kelley's for additional labor and materials.

10. Pursuant to the Subcontract, Straub agreed to pay Kelley's the sum of $328,713.71 for labor, services, materials, equipment and supplies provided by Kelley's under the Subcontract, subject to increases for additional labor, services, materials, equipment and supplies provided by Kelley's for use and inclusion in the Project.

11. Miracle One agreed to pay any outstanding balance on the Subcontract which came due as a result of the labor, services, materials, equipment and supplies Kelley's furnished to the Project.

12. During the performance of the Subcontract, Miracle One also ordered Kelley's to perform additional work outside the scope of the Subcontract and agreed to pay the sum of $111,504.63 for the additional work.

13. Miracle One breached the Subcontract by failing to pay Kelley's after full performance by Kelley's.

14. The sum of $107,137.24 remains past due and owing to Kelley's plus interest.

15. Despite demand, Miracle One and Endurance have not compensated Kelley's for the total labor, services, materials, equipment and supplies provided by Kelley's on the Project at Miracle One's request.

COMPLAINT

4

## FIRST CLAIM FOR RELIEF

(Recovery on Miller Act Payment Bond-Against
Miracle One, Endurance and Does 1 through 10)

16. Kelley's realleges and incorporates by reference paragraphs 1 through 16, above, as though set forth in full at this point.

17. The Payment Bond, described in paragraph 8, above, was delivered to and accepted by the Government and inures to the benefit of Kelley's.

18. Kelley's has fully and completely performed all obligations required to be performed by Kelley's under the Subcontract and change orders and under the Payment Bond, and all of the conditions precedent to the performance on the part of Miracle One and Endurance, and each of them, have occurred.

19. Miracle One and Endurance, and each of them, have failed and refused to perform their respective obligations under the Subcontract and the Payment Bond, in that only part of Kelley's Subcontract Price has been paid and Kelley's remains owed sums for the value of labor, services, materials, equipment and supplies provided to the Project at the direction of Miracle One.

20. Kelley's last furnished labor, services, materials, equipment or supplies to the Project within one year immediately preceding the date this complaint was filed.

COMPLAINT

21. A period of 90 days has now elapsed since Kelley's last provided labor, services, materials, equipment or supplies to Miracle One for inclusion in the Project.

22. Kelley's had a direct contractual relationship with Miracle One by virtue of the Subcontract. Therefore, Kelley's was not required to provide a 90-day preliminary notice pursuant to United States Code, Title 40, section 3133, subdivision (b)(1).

23. As a result of Miracle One's and Endurance's failure and refusal to pay, Kelley's has been damages in an amount not yet fully ascertained and according to proof at trial, but at least $107,137.24, together with interest at the maximum legal rates from dates according to proof.

24. Under the Payment Bond, Miracle One and Endurance are jointly and severally obligated to provide payment to Kelley's for work performed on the Project. Accordingly, as a result of Miracle One's failure to compensate Kelley's for the work performed, Endurance is also obligated to pay Kelley's.

25. Pursuant to the Subcontract, Kelley's is entitled to recover attorneys' fees and costs incurred as a result of Miracle One's and Endurance's failure to compensate Kelley's. Such amounts shall be determined by the Court and included in the judgment in this action.

/ / /

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Against Miracle One and Does 1 through 10)

26. Kelley's realleges and incorporates by reference paragraphs 1 through 25 above, as though set forth in full at this point.

27. Kelley's has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Subcontract or has been excused from performance.

28. Miracle One breached the Subcontract by failing to pay Kelley's in accordance with the Subcontract for the labor, services, materials, equipment and supplies Kelley's provided to Miracle One for the Project.

29. As a direct and proximate result of Miracle One's breach of the Subcontract, Kelley's has been damaged in an amount not yet full ascertained and according to proof at trial, but at least $107,137.24, together with interest at the maximum legal rates from dates according to proof.

30. Pursuant to the Subcontract, Kelley's is entitled to recover all attorneys' fees and costs incurred in this action. Such amounts shall be determined by the Court and included in the judgment in this action.

/ / /

/ / /

/ / /

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, the United States of America, for the use and benefit of Kelley's, prays for judgment against Miracle One and Endurance, and each of them, as follows:

ON THE FIRST CLAIM FOR RELIEF:

    1.    For general, special and consequential damages of at least $107,137.24, but according to proof at trial;

    2.    For interest on all sums at the maximum legal rates allowed by law from dates according to proof; and

    3.    For Attorneys' fees and costs.

ON THE SECOND CLAIM FOR RELIEF:

    1.    For general, special and consequential damages of at least $107,137.24, but according to proof at trial;

    2.    For interest on all sums at the maximum legal rates allowed by law from dates according to proof; and

    3.    For attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

COMPLAINT

1 | ON ALL CAUSES OF ACTION:

    1.    For costs of suit incurred herein; and

    2.    For such further relief the Court deems just and proper.

Law Offices of GREGORY J. HOUT

Dated: October 18, 2022    By: _____

Gregory J. Hout, Attorney for Plaintiff United States of America for the use and benefit of Kelley's Underground Construction, Inc.

COMPLAINT